IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GERMAN MEJIA & CONCEPCION RAMOS,<br><br>      Plaintiffs,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC. & FEDERAL NATIONAL MORTGAGE ASSOC.,<br><br>      Defendants. | Civil Action No. _____ |

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

Defendants, SunTrust Mortgage, Inc. ("SunTrust") and Federal National Mortgage Association ("FNMA") (collectively, "Defendants"), hereby file this Joint Notice of Removal to remove the above captioned civil action, and all claims and causes of actions therein, from the District Court for Baltimore City, Maryland to the United States District Court for the District of Maryland. This action is removable pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 12 U.S.C. §1723a. As grounds for removal, Defendants state the following:

      1.      On or about November 9, 2011, Plaintiffs, German Mejia and Concepcion Ramos, commenced the underlying state court action, captioned <u>German Mejia, et al. v. SunTrust Mortgage, Inc., et al.</u>, Case No. 24-C-11-007096 (the "State Court Action"), by filing a Complaint in the Circuit Court for Baltimore City, Maryland.

2. Pursuant to 28 U.S.C. §1446(a) and Local Rule 103(5)(a), a copy of the Complaint and the Summons directed to SunTrust are attached as Exhibits 1 and 2 hereto. No other process, pleadings, or orders have been served on Defendants in the State Court Action.[1]

3. The Summons and Complaint in the State Court Action were served on the registered agent for SunTrust on November 21, 2011.

4. This Notice of Removal is therefore timely filed within thirty days after service of the Complaint. See 28 U.S.C. § 1446(b).

5. The Complaint in the State Court Action purports to assert, among other claims, a claim against Defendants for alleged violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 et seq. (See Compl. ¶¶ 62-78.)

6. Accordingly, this Court has subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because the State Court Action includes claims arising under the laws of United States, namely, ECOA.

7. In addition, under 12 U.S.C. §1723(a), federal subject matter jurisdiction is conferred over claims brought against FNMA. See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779 (D.C. Cir. 2008). Accordingly, federal subject matter jurisdiction is proper under 28 U.S.C. §1441.

8. This case is also removable on the grounds of diversity jurisdiction because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

---

[1] The Summons and Complaint have not yet been served on FNMA. Nonetheless, FNMA consents to the removal of this case and joins in this Notice of Removal.

9. The Complaint alleges that Plaintiffs, German Mejia and Concepcion Ramos, are "residents of the State of Maryland." (See Compl. ¶ 5.) Plaintiffs are thus citizens of Maryland for purposes of diversity jurisdiction. See Thomas v. Farmer, 148 F. Supp. 593, 595 n.1 (D. Md. 2001).

10. The Complaint alleges that Defendant SunTrust is "a foreign corporation from the State of Virginia" (Compl. ¶ 6) and that its "corporate offices [are] located at 901 Semmes Avenue, Richmond, Virginia 23224." (Id. ¶ 5.). As such, Defendant SunTrust is a citizen of Virginia for the purposes of diversity jurisdiction. See 28 U.S.C. §1332(c)(1).

11. FNMA is a government-sponsored enterprise, chartered by the U.S. Congress, with its principal place of business at 3900 Wisconsin Ave, N.W., Washington, D.C. 20016. Consequently, FNMA is a citizen of the District of Columbia. See Haynes v. JPMorgan Chase Bank, N.A., 2011 WL 4595271, *2 (E.D.Mich. 2011), Pinela-Navarro v. BAC Home Loans Servicing LP, 2011 WL 3666586, *1 (W.D.Tex. 2011).

12. Further, the Complaint seeks damages in an amount in excess of $75,000, exclusive of interest and costs. (See Compl., *ad damnum* clauses to Counts II, III, IV, and V.)

13. This Court, therefore, has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

14. This Court is the United States District Court for the district within which the State Court Action is pending. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly filed with the Clerk for the Circuit Court for Baltimore City,

Maryland and served on Plaintiff. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit "3."

16. In filing this Notice of Removal, Defendants reserve any and all defenses, objections, and exceptions, including without limitation those relating to jurisdiction, service, venue, and statute of limitations.

WHEREFORE, notice is given that the State Court Action is removed from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland.

Respectfully submitted,

_____
Andrew K. Stutzman (29666)
Zeenat A. Iqbal (18267)
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Avenue, N.W., Suite 500
Washington, DC 20036
(202) 822-9611
(202) 822-0140 (fax)
astutzman@stradley.com
ziqbal@stradley.com

*Attorneys for Defendants,*
*SunTrust Mortgage, Inc and*
*Federal National Mortgage Association*

Date: December 21, 2011

## CERTIFICATE OF SERVICE

I, Zeenat A. Iqbal, hereby certify that the foregoing Notice of Removal and accompanying exhibits was served via First Class U.S. Mail, postage pre-paid, upon the following:

>Alexi C. Thomas
>Law Office of Alexi C. Thomas, LLC
>201 West Padonia Road,
>Suite 202
>Timonium, MD 21093
>
>Phillip Robinson, Of Counsel
>Legg Law Firm, LLC
>550 Buckeystown Pike
>Frederick, MD 21703

_____
Zeenat A. Iqbal

Date: December 21, 2011

# 1472472